CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiff
42 Ventures, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| 42 Ventures, LLC, | ) | Case No.: 1:20-cv-228-DKW-WRP |
| | ) | (Trademark) |
| Plaintiff, | ) | |
| vs. | ) | **FIRST AMENDED COMPLAINT;** |
| | ) | **EXHIBIT 1** |
| Patrick Rend aka Ivan Petrovic, | ) | |
| Patrick Petrov, Vinit Mav, He Shan, | ) | **(1) TRADEMARK** |
| Hosam Azzam, Fahd Ali and DOES | ) | **INFRINGEMENT** |
| 1-10 | ) | **(2) UNFAIR COMPETITION** |
| | ) | |
| Defendants. | | |

## FIRST AMENDED COMPLAINT

Plaintiff 42 Ventures, LLC ("Plaintiff") files this First Amended Complaint ("FAC") against Defendants Patrick Rend aka Ivan Petrovic ("Rend"), Ivan Petrovic, Vinit Mav, He Shan, Hosam Azzam, Fahd Ali and DOES 1-10 and alleges as follows:

### I.  NATURE OF THE ACTION

1. Plaintiff brings this action for infringement of a federally registered

trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. This action seeks injunctive relief, damages and other appropriate relief arising from Defendants' willful acts of trademark infringement and unfair competition.

## II.   JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

4. This Court has personal jurisdiction over Defendants. Defendants have purposely infringed Plaintiff's registered trademark within and outside this jurisdiction with the full knowledge that their acts would cause injury in this jurisdiction. As such, Defendants have sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over them.

5. Particularly, Defendants distributed and/or streamed motion pictures in violation of US Copyright law to numerous individuals in Hawaii and the United States via their interactive websites and/or software applications under names identical and/or confusingly similar to Plaintiff's registered trademark.

6. In the alternative, the Court has jurisdiction of Defendants pursuant to

Fed. R. Civ. P. 4(k)(2), the so-called federal long-arm statute, for at least the following reasons: (1) Plaintiff's claims arise under federal law; (2) the Defendants purposely directed their electronic activity into the United States ("US") and target and attract a substantial number of users in the US and, more particularly, this District; (3) Defendants do so with the manifest intent of engaging in business or other interactions with the US; (4) the Defendants are not subject to jurisdiction in any state's courts of general jurisdiction; and (5) exercising jurisdiction is consistent with the US Constitution and laws.

7. Defendants use US email providers such as the gmail service of Google to communicate with their users.

8. Defendants use or have used many US based sources for operating their interactive websites. Defendants use the US nameserver company Cloudflare, Inc.

9. Defendants purposely avails themselves of the advantages of US law. Particularly, Defendants take advantage of the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA") on their websites.

13-04A



10. Defendants use the US social media companies Facebook and Twitter to promote their websites.

11. Defendants promote overwhelmingly if not exclusively motion pictures produced by US companies on their interactive websites.

12. Defendants have designed their interactive websites to individually target Hawaii specifically and US users generally based upon their personal information such as web browsing history.

13. Upon information and belief, Defendants collect log files including the Internet Protocol ("IP") address, Internet Service Provider ("ISP") and browser type

13-04A

of each user who visits their websites and use cookies and web beacons to store information such as personal preferences of users who visit their websites.

14. Upon information and belief, Defendants obtains financial benefit from their users in Hawaii and the United States via third party advertisements such as Google through the Google AdSense program.

15. Upon information and belief, Defendants use the cookies, log files and/or web beacons to narrowly tailor the website viewing experience to the geolocation of the user. Particularly, users in Hawaii receive advertisements based upon their location and websites they have previously visited.

16. Defendants Rend and Patrick Petrov use the US domain registrar Name.com to register their domain YTS.WS, the US payment provider Paypal, Inc. to pay for domain and nameserver services and the US email provider Google to operate their website.

17. Defendant Vinit Mav uses the US web host provider Amazon Web Services to host his website and the US payment provider Visa to pay for hosting and nameserver services.

18. Defendant He Shan uses the US domain registrar Dynadot LLC and the US payment provider Visa to pay for domain and nameserver services.

19. Defendants Hosam Azzam and Fahd Ali promote and distribute infringing software applications ("apps") from the Google Play store.

13-04A

20. Defendants Hosam Azzam uses the US company Namecheap as his domain registrar and host provider for his website.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) - (c) because: (a) all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

### III.   PARTIES

#### A.   Plaintiff 42 Ventures, LLC

22. Plaintiff is a limited liability company organized under the laws of Hawaii and having its principal place of business in Kailua Kona, Hawaii.

23. Plaintiff distributes licensed content to the public from a plurality of means including, but not limited to, websites.

#### B.   Defendants

24. Upon information and belief, Defendant Rend is an individual residing in Belgrade, Serbia and a citizen of Serbia.

25. Upon information and belief, Defendant Patrick Petrov is an individual residing in Moscow, Russia and a citizen of Russia.

26. Upon information and belief, Defendant Vinit Mav is an individual residing in Maharashtra, India and a citizen of India.

27. Upon information and belief, Defendant He Shan is an individual residing in Chongqing, China and a citizen of China.

13-04A

28. Upon information and belief, Defendant Hosam Azzam is an individual residing in Giza, Egypt.

29. Upon information and belief, Defendant Fahd Ali is an individual residing in India.

30. After investigation, Plaintiff is unable to ascertain the identities of additional parties whose actions may have contributed or assisted in the claims as alleged herein. At this time such individuals, businesses, and/or governmental entities are identified as DOES 1-10 herein. Specific individuals, businesses, and/or governmental entities will be named at a later time when his, her, its or their identity/identities become known to Plaintiff.

## IV.   JOINDER

31. Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, the Plaintiff asserts: (a) a right to relief arising out of the same transaction, occurrence, or series or transactions, namely distribution of unlicensed copyright protected content using an identical or confusingly similar mark as Plaintiff's registered trademark via websites of Defendants; and (b) there are common questions of law and fact.

## V.   FACTUAL BACKGROUND

### A. *The Plaintiff Owns the Trademark*

32. Plaintiff is the owner of a federal trademark registration, Reg. No.

13-04A

6,025,651, which issued on Mar. 31, 2020 on the principal register of the United States Patent and Trademark Office. This registration for the standard character mark YTS mark covers CLASS 9: Downloadable computer software for downloading and streaming multimedia content images, videos and audio. A true copy of this registration is attached as Plaintiff's Exhibit "1". The registration is valid and subsisting and has never been cancelled.

33. Plaintiff's goods are distributed under the YTS mark throughout the US on one or more websites.

34. Plaintiff has invested substantial time, effort and financial resources promoting its YTS trademark in connection with the marketing and sale of its goods and/or services in interstate commerce.

35. Plaintiff's YTS trademark is inherently distinctive as applied to Plaintiff's goods and/or services that bear the mark.

### B. Defendants infringe Plaintiff's registered Trademark

36. Notwithstanding Plaintiff's established rights in the trademark YTS, upon information and belief, Defendants adopted and used the confusingly similar and/or identical mark YTS in interstate commerce in connection with the distribution and/or streaming of unlicensed copyright protected content after Plaintiff first adopted the trademark.

37. Defendants' Rend and Petrov operate the website YTS.WS that includes the YTS mark as a spurious designation that is identical with, or substantially indistinguishable from Plaintiff's registered YTS trademark.

38. Defendant Vinit Mav operate the website YTS.MS that includes the YTS mark as a spurious designation that is identical with, or substantially indistinguishable from Plaintiff's registered YTS trademark.

39. Defendant He Shan operates and/or operated the websites YST.LT, YTS.TL, ytsag.me, yts.ae, ytsmovies.cc and yts-ag.com. Each of the websites include the YTS mark as a spurious designation that is identical with, or substantially indistinguishable from Plaintiff's registered YTS trademark.

40. Defendant Hosam Azzam promotes and distributes the apps "Y Movies - YTS Movies Library" and "YTS movies" from at least the Google play store.

41. Defendant Fahd Ali promotes and distributes the app "Movie Downloader 2020 | YTS Movies" from at least the Google play store.

42. Defendants stream and distribute unlicensed copyright protected content from similar relevant trade channels as Plaintiff streams and distributes licensed content.

43. Plaintiff's registered trademark is depicted below (see Exhibit "1" for a true copy of the registration):

13-04A

# YTS

44. Defendants Rend and Petrov use the YTS mark as it appears on their website YTS.WS:



45. Defendant Vinit Mav uses the YTS mark on his website as it appears on his website YTS.MS.



46. Defendant He Shan uses the YTS mark on his website as it appears on his websites YST.LT, YTS.AE and YTS.TL.

10

13-04A

13-04A



47. Defendant He Shan's other domains such as ytsag.me, yts.ae, ytsmovies.cc and yts-ag.com also include Plaintiff's YTS trademark.

48. Defendants Hosam Azzam and Fahd Ali use the YTS mark in their app graphical user interface and/or the title of their app itself.

11



13-04A



### VI. FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

49. Plaintiff re-alleges and incorporates by reference the allegations contained in each of the foregoing paragraphs.

50. As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

51. Plaintiff has distributed licensed content in United States commerce under the YTS trademark since at least January 27, 2020. It has used the YTS trademark continuously in United States commerce since that time.

52. Without Plaintiff's consent, Defendants have used and continue to use

13

13-04A

the infringing YTS mark in connection with the sale, offering for sale, distribution and advertising of Defendants' goods and/or services.

53. Defendants have engaged in their infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiffs' use of the YTS mark.

54. Plaintiff has requested in writing that Defendants cease and desist from their infringing actions, but Defendants have failed to comply with Plaintiff's demands.

55. Defendants' actions are likely to mislead the public into concluding that their goods and or services originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public. Plaintiff has no control over the quality of goods and services sold by Defendants and because of the source confusion caused by Defendants, Plaintiff has lost control over its valuable goodwill.

56. Upon information and belief, Defendants have advertised and offered its goods and services for sale using the YTS mark with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on Plaintiff's reputation and goodwill. Defendants' use of the YTS mark constitutes willful, deliberate and intentional trademark infringement.

57. As a direct and proximate result of Defendants' trademark

13-04A

infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

58. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## VII. SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

59. Plaintiff re-alleges and incorporate by reference the allegations contained in each of the foregoing paragraphs.

60. As its second ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61. Defendants' unauthorized marketing and sale of their products in interstate commerce using their YTS mark and logo constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products and/or services as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendants as alleged herein constitute intentional, willful, knowing and deliberate unfair competition.

62. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

15

13-04A

63. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

64. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

(A) Enter a judgment that Plaintiff's registered YTS trademark has been and continues to be infringed by Defendants in violation of 15 U.S.C. § 1114(1);

(B) Enter a judgment that Defendants' use of the YTS mark constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

(C) Permanently enjoin and restrain the Defendants and each of their agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the trademark YTS, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute or identify Defendants' products or services where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's YTS mark;

13-04A

(D) Order each of the Defendants Rend and Ivan Petrovic jointly and severally, Vinit Mav, He Shan, Hosam Azzam and Fahd Ali to pay statutory damages of $2,000,000 pursuant to 15 U.S. Code § 1117(c)(2) for willful infringement of the Plaintiff's YTS trademark;

(E) Order pursuant to 28 U.S.C §1651(a) that, Cloudflare, Google and any other service provider cease providing service for Defendants' websites and software apps and that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars, and domain name registries and/or their administrators that are provided with notice of the injunction, cease facilitating access to any or all domain names and websites through which Defendants engage in the aforementioned infringements;

(F) Order each of the Defendants Rend and Ivan Petrovic jointly and severally, Vinit Mav and He Shan to pay statutory damages of $100,000 pursuant to 15 U.S. Code § 1117(d) for registering their domain names YTS.WS; YTS.MS, YST.LT; YTS.TL; ytsag.me, yts.ae, ytsmovies.cc and yts-ag.com with bad faith intent to profit from Plaintiff's registered trademark;

(G) award the Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); and

(H) grant the Plaintiff any and all other and further relief that this Court deems

13-04A

just and proper.

Plaintiff demands a trial by jury on all issues so triable.

DATED: Kailua-Kona, Hawaii, May 29, 2020.

                        CULPEPPER IP, LLLC

                        /s/ Kerry S. Culpepper
                        Kerry S. Culpepper

                        Attorney for Plaintiff
                        42 Ventures, LLC

13-04A