IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| 42 VENTURES, LLC, | ) CIVIL NO. 20-00228 DKW-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) PLAINTIFF'S MOTION FOR |
| | ) DEFAULT JUDGMENT |
| PATRICK REND AKA IVAN | ) |
| PETROVIC, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment, filed on August 12, 2020 (Motion). See ECF No. 25. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. See ECF No. 26.

Based on the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

## BACKGROUND

In the First Amended Complaint, Plaintiff alleges that Defendant Patrick Rend aka Ivan Petrovic, Patrick Petrov, Vinit Mav, He Shan, Hosam Azzam, and Fahd Ali infringed Plaintiff's trademark and engaged in unfair competition by operating interactive websites and/or software applications using names identical and/or confusingly similar to Plaintiff's registered "YTS trademark." See ECF No. 8 ¶¶ 36-48.

Plaintiff alleges that Defendants are foreign nationals who reside in foreign countries as follows: Defendant Rend/Petrovic in Serbia, Defendant Petrov in Russia, Defendant Mav in India, Defendant Shan in China, Defendant Azzam in Egypt, and Defendant Ali in India. See id. ¶¶ 24-29. The Court entered a Stipulated Consent Judgment Between Plaintiff and Defendant Patrick Petrov, which terminated this action as to Defendants Rend/Petrovic and Patrick Petrov. See ECF No. 14 at 3 ("With entry of this Consent Judgment, this matter is terminated with respect to Defendants Patrick Petrov and Patrick Rend aka Ivan Petrovic."). The Clerk entered default against the four remaining Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on July 14, 2020. See ECF No. 23. The present Motion followed.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by

failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

Here, Plaintiff's Motion asks the Court to enter default judgment against Defendants, award statutory damages of $250,000 against each Defendant, and grant a permanent injunction barring Defendants from infringing Plaintiff's trademark and ordering any third-party service provider to cease providing service for and facilitating access to Defendants' websites and software applications. See ECF No. 25-1 at 29-36.

**A. Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

### 1. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this Lanham Act case alleging trademark infringement pursuant to 15 U.S.C. § 1121.

### 2. Personal Jurisdiction

Plaintiff contends that the Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2). Rule 4(k)(2) permits a federal court to exercise personal jurisdiction over a defendant if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction," and "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). Rule 4(k)(2) imposes three requirements:

> First, the claim against the defendant must arise under federal law. Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. Third, the federal court's exercise of personal jurisdiction must comport with due process.

Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1159 (9th Cir. 2006) (citations omitted) (finding no personal jurisdiction under Rule 4(k)(2) over a non-resident defendant based on a domain name, use of a famous United States trademark, and evidence of past business with Americans). Here, there is no dispute as to the first two requirements because Plaintiff is asserting a federal trademark claim, and it is not alleged that Defendants are subject to general jurisdiction in any state court. The issue is whether exercising jurisdiction against Defendants, who are non-

resident foreign citizens, is consistent with due process under the alleged facts.

"The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [the defendant] and the forum state, we consider contacts with the nation as a whole." Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 462 (9th Cir. 2007)) (finding no personal jurisdiction under Rule 4(k)(2) over non-resident defendants based on their website, a single business event in the United States, and general advertising). In discussing the application of Rule 4(k)(2), the Ninth Circuit noted that none of its cases had found jurisdiction proper under the Rule and the "few cases in which our sister circuits have concluded that Rule 4(k)(2) conferred jurisdiction" involved defendants with extensive contacts with the United States. Id. (citing Mwani v. bin Laden, 417 F.3d 1, 13 (D.C. Cir. 2005) (finding jurisdiction Under Rule 4(k)(2) where the defendants had engaged in numerous conspiracies to commit acts of terrorism in the United States), and Adams v. Unione Mediterranea Di Sicurta, 364 F.3d 646, 651 (5th Cir. 2004) (finding jurisdiction where the defendant had directly insured hundreds of claims in the United States)).

For due process to be satisfied under Rule 4(k)(2), a defendant must have "minimum contacts" with the United States such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial

5

justice." Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017) (finding no personal jurisdiction under Rule 4(k)(2) over non-resident defendants based on sending an email newsletter to recipients in the United States) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945)).  Minimum contacts is shown where (a) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (b) the claim arises out of or results from the defendant's forum related activities; and (c) the exercise of jurisdiction is reasonable.  Boschetto v. Hansing, 539 F.3d 1011, 1021 (9th Cir. 2008).

### a. Purposeful Availment

Because infringement is a tort-like claim, the Court must consider purposeful availment under a three-part test which "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)) (citing Calder v. Jones, 465 U.S. 783 (1984)).

According to Plaintiff, Defendants expressly aimed their infringing acts at the United States by: (1) distributing their applications through a website that is based in the United States; (2) hosting their websites and domain names

6

with companies that are based in the United States; (3) using a payment provider based in the United States to pay for hosting and domain name services; and (4) using a domain registrar that is based in the United States for a personal website. See ECF No. 25-1 at 15-18. Specifically, Plaintiff alleges the following as to each of the four Defendants:

Plaintiff alleges that Defendant Mav, a citizen of India, operated the website YTS.MS that infringed Plaintiff's YTS trademark. See ECF No. 8 ¶¶ 38, 45. As to purposeful availment, Plaintiff alleges that Defendant Mav used companies based in the United States for webhosting and name server services and used a United States-based company to pay for those services. See id. ¶17; ECF No. 25-1 at 16. Plaintiff also alleges that Defendant Mav targeted users in the United States because he collected information about users on his website. See ECF No. 8 ¶ 12-15; ECF No. 25-1 at 18.

Plaintiff alleges that Defendant Shan, a citizen of China, operated the websites YST.LT, YTS.TL, ytsag.me, yts.ae, ytsmovies.cc and yts-ag.com that infringed Plaintiff's YTS trademark. See ECF No. 8 ¶¶ 39, 46-47. As to purposeful availment, Plaintiff alleges that Defendant Shan used companies based in the United States for domain registration and name server services and used a United States based company to pay for those services. See id. ¶ 18; ECF No. 25-1 at 16. Plaintiff also alleges that Defendant Shan targeted users in the United States

because he collected information about users on his websites.  See ECF No. 8 ¶ 12-15; ECF No. 25-1 at 18.

Plaintiff alleges that Defendant Azzam, a citizen of Egypt, distributed and promoted the software applications "Y Movies - YTS Movies Library" and "YTS movies" that infringed Plaintiff's YTS trademark.  See ECF No. 8 ¶¶ 40, 48.  As to purposeful availment, Plaintiff alleges that Defendant Azzam used the website of a company based in the United States to promote and distribute his applications and also used a company based in the United States for the domain registration of his personal website.  See id. ¶¶ 19, 20; ECF No. 25-1 at 16, 18.

Plaintiff alleges that Defendant Ali, a citizen of India, distributed and promoted the software application "Movie Downloader 2020 YTS Movies" that infringed Plaintiff's YTS trademark.  See ECF No. 8 ¶¶ 41, 48.  As to purposeful availment, Plaintiff alleges that Defendant Ali used the website of a company based in the United States to promote and distribute his application.  See id. ¶19 ECF No. 25-1 at 16, 18.

Plaintiff also argues that when Defendants used the services of these United States-based companies, Defendants agreed to be bound by these companies' various terms of service, which include agreements to submit to the jurisdiction of courts in California, Washington, or Arizona.  See ECF No. 25-1 at 17-18.

The Court finds that Plaintiff's allegations are insufficient to show that Defendants expressly aimed their infringing activities at the United States. See AMA Multimedia, LLC v. Wanat, 970 F.3d 1201, 1210 (9th Cir. 2020) (finding no personal jurisdiction under Rule 4(k)(2) over non-resident defendant based on the defendant's website's use of geotargeted advertisements, United States viewers, the website's terms of service, or the use of United States-based company to register the domain name).

The Court finds that Defendants' use of United States-based companies for webhosting and domain name services and for paying for those services is insufficient to show that Defendants aimed their allegedly infringing acts at the United States. See id. at 1212 (rejecting similar allegations as evidence of purposeful direction and holding that plaintiff "has not provided evidence to suggest that [defendant] chose this vendor or was motivated by a desire to appeal to the U.S. market or generate more U.S. users, as opposed to more users globally"). Indeed, as other district courts have recognized "it is more accurate to say that [the defendant] utilized Apple and Google because they arguably have a virtual monopoly on the channels in which developers can distribute application-based software—not because they have offices in [the United States]." Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC, 2020 WL 3892458, at *3-4 (N.D. Cal. May 7, 2020) (holding that for jurisdictional purposes the

plaintiff "cannot rely on [the defendant's] relationship with third parties headquartered in California to establish that [the defendant] directed its intentional acts towards this state"); see also Hungerstation LLC v. Fast Choice LLC, 2020 WL 137160, at *7 (N.D. Cal. Jan. 13, 2020) ("The fact that a third party hosts data on its server somewhere in the United States does not amount to a meaningful contact sufficient to find that Defendants have purposefully availed themselves of the jurisdiction of the United States."). The argument that a defendant's use of Internet-based services by a company based in the United States "could improperly suggest that every person with a Google email address has submitted to personal jurisdiction in the United States." Bodyguard Prods., Inc. v. Musante, 2020 WL 403720, at *8 (D. Haw. Jan. 24, 2020) (rejecting the plaintiff's argument that the defendant's use of United States-based companies as a server host, name server, and email provider showed that the defendant's tortious acts were directed at the United States); see also, Bibiyan v. Marjan Television Network, Ltd., 2019 WL 422664, at *4 (C.D. Cal. Feb. 4, 2019) (finding that that the fact that a defendant's application was available on Google Play and the Apple App Store has "no bearing on whether Defendant intended to exploit the . . . market in California"); DFSB Kollective Co. v. Bourne, 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012) ("While the location of these companies is relevant for lawsuits directly involving the companies, the Court is unpersuaded that the headquarters of these Internet

10

companies establishes that Defendant expressly aimed his infringing activities at the California market."). The Court finds that Defendants' use of these companies' services does not show that Defendants expressly aimed their infringing activities at the United States.

Further, the Court finds that the terms of service or the user agreements that Defendants entered into with Apple, Google, and other service providers do not show that Defendants expressly aimed their conduct at the United States. The Court finds that Defendants' agreements with third parties about choice of law, jurisdiction, or venue are unrelated to personal jurisdiction and the issue of whether Defendants' allegedly infringing activities were expressly aimed at the United States. See e.g., Lang Van, Inc. v. VNG Corp., 2019 WL 8107873, at *4 (C.D. Cal. Nov. 21, 2019) (finding that the defendant's agreements with third parties were "insufficient to establish that Defendant expressly aimed its conduct at California" and were "not relevant to claims asserted by Plaintiff, which is not a party to the [third-party] agreements").

Finally, the Court finds that Plaintiff's allegations regarding Defendants Mav and Shan collecting information about users on their websites is insufficient to show that these Defendants have done engaged in "conduct directly targeting the forum." See Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1229 (9th Cir. 2011). The Ninth Circuit recently held that a website's use of geo-

located advertisements, which tailor advertisements based on the location of the user, does not constitute express aiming for purposes of finding specific jurisdiction under Rule 4(k)(2).  See AMA Multimedia, LLC, 970 F.3d at 1211. ("If such geo-located advertisements constituted express aiming, [the defendant] could be said to expressly aim at any forum in which a user views the website."). Although Plaintiff alleges that Defendants collected information about users through log files and cookies, Plaintiff does not allege any facts to show that Defendants targeted users in the United States through advertisements or otherwise.

For these reasons, the Court finds that Plaintiff has failed to show that Defendants purposefully directed their activities towards the United States. Because this ground is sufficient to conclude that Plaintiff has not established specific personal jurisdiction, the Court need not address the remaining factors to establish personal jurisdiction under Rule 4(k)(2).  Accordingly, the Court recommends that the district court DENY Plaintiff's Motion.

Based on the finding that the Court lacks personal jurisdiction over Defendants, the Court also recommends that the district court DISMISS this action. See In re Tuli, 172 F.3d at 712 ("when a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction").

## CONCLUSION

The Court FINDS that the Court lacks personal jurisdiction over Defendants and RECOMMENDS that Plaintiff's Motion for Default Judgment be DENIED and that this action be DISMISSED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 2, 2020.



Wes Reber Porter
United States Magistrate Judge

**42 VENTURES, LLC v. REND, ET AL.; CIVIL NO. 20-00228 DKW-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

13