IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| 42 VENTURES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PATRICK REND aka IVAN PETROVIC, PATRICK PETROV, VINIT MAV, HE SHAN, HOSAM AZZAM, FAHD ALI and DOES 1-10,<br><br>　　　　　Defendants. | Case No. 20-cv-00228-DKW-WRP<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Plaintiff 42 Ventures, LLC ("42 Ventures") moves the Court to reconsider its October 23, 2020 order finding the Court lacked personal jurisdiction over the remaining Defendants and dismissing the action. For the reasons set forth below, the motion is DENIED.

### **RELEVANT BACKGROUND**

On October 23, 2020, the Court, over 42 Ventures' objections, accepted the assigned magistrate judge's findings and recommendations in this case. Dkt. No. 29. Accordingly, the Court found it lacked personal jurisdiction over the remaining (non-settling) Defendants and dismissed the action. *Id.* On October 30, 2020, 42 Ventures moved the Court to reconsider that decision. Dkt. No. 31. This order follows.

1

## LEGAL STANDARD

42 Ventures' motion for reconsideration, filed within twenty-eight days of entry of judgment, is considered under Rule 59(e). *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001)).[1] Under Rule 59(e), a motion for reconsideration is appropriate "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted).

## DISCUSSION

42 Ventures advances one argument—that it was inappropriate for the Court to rely on *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir. 2020) because there was a pending petition for rehearing *en banc* in that case when this Court issued its October 23, 2020 order. Dkt. No. 31-1 at 3–4. In other words, although

---

[1] 42 Ventures also advances the motion under Federal Rule of Civil Procedure 60 and Local Rule 60.1. Dkt. No. 31 at 2. The standards for reconsideration under Rules 59(e) and 60(b) are substantially similar, *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009), and would result in the same disposition here.

the Ninth Circuit had published an opinion in the case, because it had not yet issued the mandate—that is, terminated its jurisdiction over the case—it was "not final" and thus it was inappropriate for the Court to rely on it.  *Id.*

42 Ventures cites no source of law—and the Court finds none—to support this argument.  *See id.*  That is because the issue of the mandate is irrelevant to opinion's binding force.  A panel decision, once issued, must be cited as the law of the Circuit, regardless of the status of the mandate.  *See* Fed R. App. P. 36-1 ("All opinions are published. . . . As used in this rule, the term *PUBLICATION means to make a disposition available to legal publishing companies to be reported **and cited**.*" (capitalization in original) (emphasis added).[2]

"Although the Ninth Circuit panel may ultimately prove incorrect in its determination, *'once a federal circuit court issues a decision*, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court [or an *en banc* panel] before applying the circuit court's decision as binding authority.'"  *United States v. Rojas-Osorio*, 381 F. Supp. 3d 1216, 1227 (N.D. Cal. 2019) (quoting *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) (emphasis added).  Of course, if the Circuit grants the rehearing petition, the panel decision is vacated.  *See* Fed. R. App. P. 35-1 to 35-3 Advisory

---

[2] Citations to the Federal Rules of Appellate Procedure refer to the Ninth Circuit's version of those rules, found here: http://cdn.ca9.uscourts.gov/datastore/uploads/rules/frap.pdf.

Committee Notes (once *en banc* review is granted, "[t]he three-judge panel opinion shall not be cited as precedent by or to this Court or any district court in the Ninth Circuit, except to the extent adopted by the *en banc* court").  But until that happens, not only is it proper for this Court to cite a published decision, it is obligated to follow published decisions as binding precedent in the Circuit.

## CONCLUSION

As the Court did not err in relying upon *Wanat* and that is the only argument advanced by 42 Ventures, its motion for reconsideration, Dkt. No. 31, is DENIED.

IT IS SO ORDERED.

Dated: November 3, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*42 VENTURES, LLC v. PATRICK REND aka IVAN PETROVIC, PATRICK PETROV, VINIT MAV, HE SHAN, HOSAM AZZAM, FAHD ALI and DOES 1-10,* Civil No. 20-00228-DKW-WRP; **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**