IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| 42 VENTURES, LLC, | ) | CIVIL NO. 20-00228 DKW-WRP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION FOR LEAVE TO SERVE |
| vs. | ) | THIRD-PARTY SUBPOENAS |
| | ) | |
| VINIT MAV, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS

Before the Court is Plaintiff's Motion for Leave to Serve Third-Party Subpoenas, filed on March 7, 2022 (Motion). See ECF No. 49. The Court elected to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on careful review of Plaintiff's Motion and the relevant legal authority, the Court GRANTS Plaintiff's Motion.

BACKGROUND

In the Second Amended Complaint,[1] Plaintiff alleges that Defendants Vinit Mav, He Shan, Hosam Azzam, and Fahd Ali infringed Plaintiff's trademark

---

[1] The Ninth Circuit affirmed the District Court's dismissal of the First Amended Complaint for lack of personal jurisdiction but remanded with instructions to allow Plaintiff leave to amend. See ECF Nos. 40, 43.

and engaged in unfair competition by operating interactive websites and software applications using names identical and/or confusingly similar to Plaintiff's registered "YTS" trademark.  See ECF No. 43.  Plaintiff alleges that Defendants are foreign nationals who reside in foreign countries as follows:  Defendant Mav in India; Defendant Shan in China; Defendant Azzam in Egypt; and Defendant Ali in India.  See id. ¶¶ 156-59.

This Court previously authorized service of process by email on Defendants at specific email addresses and through a third-party company that could confirm receipt.  See ECF No. 15.  Plaintiff filed a declaration confirming service of the Second Amended Complaint in this manner on Defendants Mav, Shan, and Azzam, and default was entered against these Defendants.  See ECF Nos. 46, 48.  As to Defendant Ali, however, Plaintiff indicated that an attempt to serve the Second Amended Complaint on Defendant Ali at the approved email address was not confirmed as delivered.  See ECF No. 46.  This Court therefore directed the Clerk to refrain from entering default under Rule 55(a) as to Defendant Ali.  See ECF No. 47.

In the Second Amended Complaint, Plaintiff alleges that Defendant Ali promotes and distributes an infringing app "Movie Browser – YTS Movie Downloader App" at the website https://activeapk.com/movie-browser-yts-movie-downloader-app-download-forandroid/.  See ECF No. 43 ¶ 145.  Plaintiff further

alleges this website is hosted on servers of CloudFlare at IP address 172.67.141.96 in San Francisco, California to be closer to his targeted market of the United States and enable faster service to U.S.-based customers.  See id. ¶ 146.  Plaintiff now moves for leave to take early discovery through subpoenas, specifically to serve third-party subpoenas on: (i) Porkbun LLC and Private by Design, LLC requesting the identification and contact information of the operator of the website activeapk.com; and (ii) the operator to obtain contact information for Defendant Ali so he can be served with the Second Amended Complaint.  See ECF No. 49.

## DISCUSSION

Unless authorized by a court order, a party is prohibited from seeking discovery before the parties' Federal Rule of Civil Procedure 26(f) conference.  See Fed. R. Civ. P. 26(d)(1).  In rare circumstances, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  In deciding whether to allow early discovery, courts consider whether a plaintiff has shown good cause.  See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice

to the responding party. It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition.").

If the identity of a defendant is unknown, the Ninth Circuit has held that a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identity, or that the complaint would be dismissed on other grounds." Gillespie, 629 F.2d at 642. To determine whether a plaintiff has established good cause to conduct early discovery to identify unknown defendants, courts consider if the plaintiff has made a prima facie showing of infringement, if the plaintiff has identified the unknown defendants with sufficient particularity, and if the requested discovery is likely to lead to identifying information. See Patrick Collins, Inc. v. Does 1-1219, 2010 WL 5422569, at *2-3 (N.D. Cal.) (Dec. 28, 2010). Although Plaintiff does identify Defendant Ali in the Second Amended Complaint, the Court nonetheless finds this authority instructive here, where Plaintiff is seeking early discovery so that it can effect service on Defendant Ali given attempted service on an email address as previously authorized by the Court was unsuccessful. See ECF No. 49-1 ¶ 10 (Plaintiff's counsel attesting Defendant was reachable at <rckfadrick@gmail.com> until after Defendant Ali was served with appeal pleadings). For purposes of this Motion, the Court finds that Plaintiff has made a

sufficient showing to establish good cause to engage in early discovery for the limited purpose of obtaining information that may help Plaintiff serve Defendant Ali with the Second Amended Complaint.

First, Plaintiff has made a prima facie showing of infringement. Plaintiff has alleged that: (1) it owns and has registered the trademark at issue; (2) Defendant Ali used and distributed an identical or confusingly similar mark without authorization; and (3) Plaintiff was damaged by Defendant Ali's actions. See ECF No. 43 ¶¶ 161-77. These allegations are minimally sufficient to state a claim for infringement at this stage of the proceedings. See 15 U.S.C. §§ 1114, 1125.

Second, Plaintiff has identified Defendant Ali with sufficient specificity. Plaintiff has identified Defendant Ali in the Second Amended Complaint as an individual who may be sued, included specific allegations regarding Defendant Ali's alleged infringing conduct, and identified at least one website (activeapk.com) where Defendant Ali promotes and distributes the alleged infringing material. See ECF No. 43 ¶¶ 134-53. The declaration attached to Plaintiff's Motion indicates that Plaintiff's counsel has searched publicly available sources but cannot find a physical or email address for Defendant Ali. See ECF No. 49-1 ¶ 6. Instead, Plaintiff has only determined that the registrar for activeapk.com is Porkbun LLC and the registrant is Private By Design, LLC, and

counsel for Plaintiff attests that the website operator did not respond to a request for Defendant Ali's contact information.  See id. ¶¶ 4-5.  Plaintiff seeks leave to serve subpoenas on the registrar and registrant so it can obtain the contact information from the website operator, and again request contact information for the Defendant, and also to subpoena the website operator if they refuse to communicate with Plaintiff.  See id. ¶¶ 6-7.  It does not appear that there are any other measures Plaintiff could have taken to obtain Defendant Ali's email address or contact information for the purpose of service.

Third, because the subpoenas seek to obtain Defendant Ali's contact information from those affiliated with a website associated with the alleged infringing activity, Plaintiff has demonstrated that the proposed subpoenas seek information likely to lead to identifying information that will allow Plaintiff to effect service on Defendant Ali.  Based on the foregoing, the Court finds that Plaintiff has demonstrated good cause to grant Plaintiff leave to conduct early discovery.

CONCLUSION

The Court GRANTS Plaintiff's Motion for Leave to Serve Third-Party Subpoenas for the limited purpose of obtaining identifying information about Defendant Ali in order to effect service of the Second Amended Complaint.  As previously indicated, Plaintiff must still seek leave to effect service on Defendant

Ali in any manner not previously authorized by the Court or otherwise permitted under the applicable rules without leave of Court.  See ECF No. 47.  This order is without prejudice to the rights of the third parties to move to quash the subpoenas or to respond to the subpoenas in any other manner permitted by law.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, MARCH 14, 2022.



Wes Reber Porter
United States Magistrate Judge

**42 VENTURES, LLC v. MAV, ET AL.; CIVIL NO. 20-00228 DKW-WRP; ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS**